UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:16-cv-03872-CAS<br>2:99-cr-00257-CAS - 4 | Date | December 27, 2016 |
|---|---|---|---|
| Title | ANTONIO BLACKSTONE v. UNITED STATES OF AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - ANTONIO BLACKSTONE'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

## I.     INTRODUCTION AND PROCEDURAL BACKGROUND

On August 19, 1999, after a jury trial before Judge Lourdes G. Baird, Antonio Blackstone was convicted of: (1) conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951; (2) commiting a Hobbs Act robbery, in violation of § 1951; and (3) using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).  Dkt. 1 ("Mot.") at 1; United States v. Gaines et al, 2:99-cr-00257 (C.D. Cal. Aug. 19, 1999), dkt. 231.  On May 8, 2000, the court also found Blackstone to be a Career Offender, because he had two prior convictions for crimes of violence: second-degree robbery in violation of California Penal Code § 211 and voluntary manslaughter in violation of California Penal Code § 192(a).  Mot. at 2.  As a result of these prior convictions, Blackstone's offense level was increased from 21 to 32 pursuant to U.S.S.G. § 4B1.2, the Career Offender Sentencing Guidelines.  Id.  Furthermore, because all Career Offenders are automatically placed in criminal history category IV, Blackstone's Career Offender finding increased his criminal history category from IV to VI.  Id.  Consequently, the Career Offender designation raised Blackstone's mandatory guideline range from 70–87 months to 210–240 months. [1]  Id.  As a result, the court sentenced Blackstone to 230 months for each of the Hobbs Act violations to be served concurrently and a mandatory consecutive sentence of 60 months for using a firearm to commit a crime of violence: a total of 290 months in prison.  Mot., Ex. A.  In the years following

---

[1] Although these Guidelines are now advisory, at the time of Blackstone's sentencing they were mandatory.  See Reply at 7–8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03872-CAS<br>2:99-cr-00257-CAS - 4 | Date | December 27, 2016 |
| Title | ANTONIO BLACKSTONE v. UNITED STATES OF AMERICA | | |

his conviction, Blackstone appealed his conviction, filed petitions pursuant to 18 U.S.C. §§ 2255 and 2241, and received permission to file a second § 2255 motion. Mot. at 2–3.

On June 2, 2016, Blackstone filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mot. On September 6, 2016, the government filed its opposition. Dkt. 12 ("Opp'n"). On October 5, 2016, Blackstone filed his reply. Dkt. 17 ("Reply").

## II.   LEGAL STANDARD

A prisoner may move the court to vacate, set aside or correct his sentence if he can show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

## III.   DISCUSSION

In the instant § 2255 motion, Blackstone first argues that, in the wake of Johnson v. United States, 135 S. Ct. 2551 (2015), a Hobbs Act robbery is no longer a crime of violence under § 924(c) and, therefore, his 60-month sentence for using a firearm in commission of a crime of violence is unconstitutional. Second, Blackstone contends that his convictions for second-degree robbery, voluntary manslaughter, and Hobbs Act robbery are no longer crimes of violence for the purposes of § 4B1.2 and, therefore, the Career Offender sentence enhancement he received for committing a total of three crimes of violence is unconstitutional. In turn, the government argues that Blackstone is not entitled to § 2255 relief because: (1) Blackstone's claims are procedurally defaulted; (2) Blackstone's motion is time-barred; and (3) Blackstone's motion fails on the merits because (a) the Hobbs Act robbery remains a crime of violence under § 924(c) and (b) Blackstone's convictions for second-degree robbery, voluntary manslaughter, and the Hobbs Act robbery all remain convictions for crimes of violence under § 4.B1.2.

### A.   Johnson v. United States

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), provides sentence enhancements for a defendant who uses firearms in the commission of a crime that is the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:16-cv-03872-CAS<br>2:99-cr-00257-CAS - 4 | Date | December 27, 2016 |
|---|---|---|---|
| Title | ANTONIO BLACKSTONE v. UNITED STATES OF AMERICA | | |

defendant's third conviction for a violent felony. See generally 18 U.S.C. § 924(e). The ACCA defines the term "violent felony" as a crime that either:

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first part of the definition is commonly known as the "elements clause" and the second part is known as the "residual clause." Cf. United States v. Bell, 153 F. Supp. 3d 906, 910 (N.D. Cal. 2016).

On June 26, 2015, in Johnson v. United States, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague and therefore void. 135 S.Ct. 2551. On October 19, 2015, in Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), the Ninth Circuit extended Johnson to a materially identical residual clause in 18 U.S.C. § 16, which defined a "crime of violence" for the purposes of identifying offenses that merit deportation of non-citizen defendants under the Immigration and Nationality Act. On April 18, 2016, in Welch v. United States, 136 S.Ct. 1257 (2016), the Supreme Court held that Johnson announced a new substantive rule of constitutional law that applies retroactively on collateral review to ACCA-enhanced sentences. Id. at 1264–68.

### B. Procedural Default

The government argues that Blackstone's claims are procedurally defaulted because he failed to raise them on appeal. Opp'n at 8–11. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised [] only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (quotation marks and citations omitted).

Cause exists when a claim is "novel." See Reed v. Ross, 468 U.S. 1, 15 (1984). A claim could be novel where a Supreme Court decision: (1) "explicitly overrule[s] one of th[e] Court's precedents"; (2) "may overtur[n] a longstanding and widespread practice to which th[e] Court has not spoken, but which a near-unanimous body of lower court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03872-CAS<br>2:99-cr-00257-CAS - 4 | Date | December 27, 2016 |
| Title | ANTONIO BLACKSTONE v. UNITED STATES OF AMERICA | | |

authority has expressly approved"; or (3) "disapprove[s] a practice that th[e] Court arguably has sanctioned in prior cases." Id. at 17 (quotation marks omitted). As the Supreme Court itself recognized, Johnson expressly overruled Supreme Court precedent. See Johnson, 135 S.Ct. at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. Our contrary holdings in James [v. United States, 550 U.S. 192 (2007)] and Sykes [v. United States, 564 U.S. 1 (2011)] are overruled."). Thus, Blackstone's claim is "novel" and he has established cause for failing to raise this argument on appeal.

To show prejudice, Blackstone must "demonstrate[e] not merely that the errors . . . [in the proceedings] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceedings] with error of constitutional dimensions.'" United States v. Braswell, 501 F.3d 1147, 150 (9th Cir. 2007) (quotation marks omitted). Thus, a petitioner must show that there is a "reasonable probability" that, without the error, the result of the proceedings would have been different. Strickler v. Greene, 527 U.S. 263, 289 (1999). Blackstone argues that he was prejudiced because his § 924(c) conviction added 60 months to his sentence. Reply at 7. The Court agrees. If the court mistakenly treated a Hobbs Act robbery as a crime of violence, there is a reasonable probability that, but for the error, Blackstone's sentence would have been different. Blackstone also contends that he suffered prejudice because his classification as a Career Offender enhanced his sentencing range. See Reply at 7–8. Applying an incorrect Sentencing Guidelines range affects a defendant's substantial rights, even if the sentence imposed is within the correct range. Molina-Martinez v. United States, 136 S. Ct. 1338, 1346–47 (2016); see also United States v. Bonilla-Guizar, 729 F.3d 1179, 1188 (9th Cir. 2013) ("We have held that when a sentencing judge incorrectly calculates the Guidelines range, potentially resulting in the imposition of a greater sentence, the error affects the defendant's substantial rights and the fairness of the judicial proceedings."). The Court thus finds that Blackstone has established prejudice.

Additionally, courts have concluded that § 2255 motions based on a Johnson claim are not procedurally defaulted because such claims were not "reasonably available" prior to Johnson. See United States v. Garcia, -- F.Supp.3d --, No. 13-cr-00601-JST, 2016 WL 4364438, *3 (N.D. Cal. Aug. 16, 2016); Alvarado v. United States, No. 16-cv-4411-GW, 2016 WL 6302517, *3 (C.D. Cal. Oct. 14, 2016); United States v. Kinman, No. 16-cv-1360-JM, 2016 WL 6124456, *4 (S.D. Cal. Oct. 20, 2016), appeal docketed No. 16-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03872-CAS<br>2:99-cr-00257-CAS - 4 | Date | December 27, 2016 |
| Title | ANTONIO BLACKSTONE v. UNITED STATES OF AMERICA | | |

56568 (9th Cir. Oct. 21, 2015). The Court concludes that Blackstone has overcome his failure to raise his instant arguments on appeal and may file the instant motion.[2]

### C. Timeliness of Blackstone's Section 2255 Motion

The government asserts that Blackstone's § 2255 motion is untimely. Opp'n at 11–12. The limitations period for filing a § 2255 motion runs "from the latest of (1) the date on which the judgment of conviction becomes final . . . [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f). The government argues that Blackstone did not bring his motion within one year of October 1, 2001, when his conviction became final, and that "the right recognized in Johnson has not been made retroactively applicable to either § 924(c) or Career Offender Guideline cases on collateral review." See Opp'n at 12. To determine whether Blackstone's motion is timely, the Court must first determine whether Johnson, which applies retroactively to the ACCA, also applies to § 924(c) and § 4B1.2.

Section 924(c) authorizes the imposition of enhanced penalties on a defendant who uses or carries a firearm while committing a "crime of violence." 18 U.S.C. § 924(c)(1). The statute defines "crime of violence" as "an offense that is a felony" and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3)(A)–(B). As with clauses in the ACCA, courts generally refer to § 924(c)(3)(A) as the "elements clause" and to § 924(c)(3)(B) as the "residual clause." See Bell, 153 F. Supp. 3d at 910.

While the Ninth Circuit has not specifically resolved whether Johnson invalidated the residual clause in § 924(c), in Dimaya, the Ninth Circuit held that the residual clause

---

[2] Because Blackstone has overcome procedural default by showing cause and prejudice, the Court need not address Blackstone's actual innocence argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-03872-CAS<br>2:99-cr-00257-CAS - 4 | Date | December 27, 2016 |
|---|---|---|---|
| Title | ANTONIO BLACKSTONE v. UNITED STATES OF AMERICA | | |

in 18 U.S.C. § 16 was unconstitutionally vague in the wake of Johnson. See Dimaya, 803 F.3d at 1120. The Ninth Circuit found that § 16's residual clause—though not identically worded to the ACCA—was void for vagueness because both clauses required courts to "1) measure the risk by an indeterminate standard of a judicially imagined ordinary case, not by real world-facts or statutory elements and 2) determine by vague and uncertain standards when a risk is sufficiently substantial." Id. (quotation marks omitted).

The residual clause in § 924(c) is identical to the residual clause in § 16. See 18 U.S.C. § 924(c)(3)(B); 18 U.S.C. § 16(b). Therefore, as other courts have recognized, Dimaya requires this Court to conclude that § 924(c)'s residual clause is also unconstitutionally vague post-Johnson. See Bell, 158 F. Supp. 3d at 922 (after Johnson, § 924(c)'s residual clause "cannot stand" because, like the ACCA residual clause, it requires the application of the categorical approach and "the differences in the language used in the ACCA residual clause versus the § 924(c)(3) residual clause are not material insofar as the reasoning in Johnson is concerned"); United States v. Lattanaphom, 159 F. Supp. 3d 1157, 1164 (E.D. Cal. 2016) (same); United States v. Baires-Reyes, -- F. Supp. 3d --, No. 15-cr-00122-EMC-2, 2016 WL 3163049, *5 (N.D. Cal. June 7, 2016) (same); United States v. Shumilo, No. 16-cv-4412-GW, 2016 WL 6302524, *7 (C.D. Cal. Oct. 24, 2016) ("[T]he Court would find that [Johnson] applies to the residual clause in § 924(c), thereby invalidating it."); United States v. Bustos, No. 08-cr-297-LJO-3, 2016 WL 6821853, * 5 (E.D. Cal. Nov. 17, 2016) ("[T]he Court finds it cannot escape the conclusion that the § 924(c)(3) residual clause is unconstitutionally vague and therefore cannot be the basis for enhancing a [§ 924(c)] sentence.").

Section 4B1.2, which governs sentence enhancements for Career Offenders, defines a "crime of violence" as an offense that:

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. 5845(a) or explosive material as defined in 18 U.S.C. 841(c).

U.S.S.G. § 4B1.2(a)(1)–(2). This definition of "crime of violence" also consists of an elements clause and a residual clause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:16-cv-03872-CAS<br>2:99-cr-00257-CAS - 4 | Date | December 27, 2016 |
|---|---|---|---|
| Title | ANTONIO BLACKSTONE v. UNITED STATES OF AMERICA | | |

The government argues that Johnson does not apply retroactively to the Guidelines because Johnson is a substantive rule in the context of the ACCA, but a procedural rule—and therefore non-retroactive—in the context of the Guidelines.[3] Opp'n at 17–25. However, courts in the Ninth Circuit have concluded that Johnson applies retroactively to the Guidelines. See, e.g., Garcia, 2016 WL 4364438, at *6; United States v. Dean, No. 13-cr-00137-SI, 2016 WL 1060229, *16 (D. Or. Mar. 5, 2016); Kinman, 2016 WL6124456, at *5; United States v. Santos, No. LA16-cv-3973-JAK, 2016 WL 5661553, *6–*7 (C.D. Cal. Sept. 9, 2016); Jefferson, 2016 WL 6496456, at *5; United States v. Kennedy, No. 12-cr-414-LJO-SKO-1, 2016 WL 6520524, *4–*5 (E.D. Cal. Nov. 3, 2016); Alvarado, 2016 WL 6302517, at *3; United States v. McGary, No. 14-cr-0013-CW, 2016 WL 4126451, at *5–*6 (N.D. Cal. Aug. 3, 2016); United States v. Stamps, No. 13-cr-238-CW, 2016 WL 3747286, at *1 (N.D. Cal. June 29, 2016); United States v. Benard, No. 16-cv-02692-SI, 2016 WL 5393939, *6 (N.D. Cal. Sept. 27, 2016). These courts relied on Reina-Rodriguez v. United States, 655 F.3d 1182 (9th Cir. 2011), in which the Ninth Circuit held that its earlier decision—concluding that a state burglary law was not categorical burglary for purposes of the ACCA—applied retroactively to the Guidelines. Id. at 1189. In so holding, the Ninth Circuit did not distinguish between applying a substantive rule in the statutory and Guidelines contexts and declined to apply retroactivity "on a piecemeal basis." See United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002), ("A new rule should be retroactive as to all cases or as to none to avoid inconsistencies and unnecessary litigation.").

The Court is persuaded by the reasoning of other courts in this Circuit and concludes that Johnson applies retroactively on collateral review to the Guidelines. Because Johnson applies retroactively to § 924(c) and § 4B1.2, Blackstone's motion is timely because it was filed within one year of the Supreme Court's decision in Johnson.

---

[3] "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes . . . Procedural rules, by contrast, regulate only the manner of determining the defendant's culpability." Welch, 136 S.Ct. at 1264–65 (quotation marks and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03872-CAS<br>2:99-cr-00257-CAS - 4 | Date | December 27, 2016 |
| Title | ANTONIO BLACKSTONE v. UNITED STATES OF AMERICA | | |

### D. Blackstone's 60-Month Sentence is Not Unconstitutional Because a Hobbs Act Robbery is a Crime of Violence under Section 924(c)

Blackstone argues that his conviction for using a firearm to commit a crime of violence is unconstitutional and entitles him to § 2255 relief because his Hobbs Act robbery cannot qualify as a crime of violence under § 924(c). Mot. at 5–12.[4] This Court has considered precisely this question and, after thorough analysis, concluded that a Hobbs Act robbery remains a crime of violence after Johnson. See United States v. Dorsey, No. 14-cr-328-CAS, 2016 WL 3381218 at *4–*6. (C.D. Cal. June 8, 2016). The Court's conclusion is consistent with the majority of courts that have addressed this issue, both before and after Dorsey. See, e.g., United States v. Crawford, No. 3:15-cr-070-JD, 2016 WL 320116, *3 (N.D. Ind. Jan. 27, 2016) (denying defendant's motion to dismiss indictment charging him with § 924(c) offense based on a Hobbs Act robbery); United States v. Pena, No. 15-cr-551-AJN, 2016 WL 690746, *8 (S.D.N.Y. Feb. 11, 2016) (same); United States v. Coleman, No. 14-cr-664, 2016 WL 1435696, *2–3 (N.D. Ill. Apr. 12, 2016) (same); United States v. Williams, 179 F. Supp. 3d 141, 144–55 (D. Me. Apr. 15, 2016) (same); United States v. McCallister, No. 15-0171-ABJ, 2016 WL 3072237, *1 (D.D.C. May 31, 2016) (same); United States v. Barrows, No. 2:13-cr-00185-MMD-VCF, 2016 WL 4010023, *2–6 (D. Nev. July 25, 2016) (same); United States v. Nguyen, No. 16-cv-1231-JTM, 2016 WL 4479131, *2–3 (D. Kan. Aug. 25, 2016); United States v. Davis, No. 16-cv-02524-SI, 2016 WL 6473074, *4 (N.D. Cal. Nov. 2, 2016), appeal docketed No. 16-17047 (9th Cir. Nov. 4, 2016) (denying § 2255 motion that challenged the § 924(c) conviction based on a Hobbs Act robbery); In re Saint Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016) (denying permission to file a second or successive § 2255 motion raising a Johnson challenge to § 924(c)'s residual clause because a Hobbs Act robbery "clearly qualifies" as a crime of violence under the elements clause in § 924(c)). In addition, the Ninth Circuit has held that a Hobbs Act robbery remains a crime of violence under § 924(c)'s elements clause. United States v.

---

[4] Blackstone and the government dispute whether the *conspiracy* to commit a Hobbs Act robbery is a crime of violence under § 924(c). Because Blackstone's § 924(c) charge was based on the Hobbs Act robbery itself, rather than the *conspiracy* to commit a Hobbs Act robbery, the Court need not address those arguments.

Case 2:99-cr-00257-CAS   Document 601   Filed 12/27/16   Page 9 of 12   Page ID #:3278

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03872-CAS<br>2:99-cr-00257-CAS - 4 | Date | December 27, 2016 |
| Title | ANTONIO BLACKSTONE v. UNITED STATES OF AMERICA | | |

Howard, No. 15–10042, 650 Fed. Appx. 466, 468 (9th Cir. May 23, 2016).[5] The Court continues to find it appropriate to join "the chorus of judges declaring that a robbery in violation of the Hobbs Act is a 'crime of violence' for purposes of 18 U.S.C. § 924(c)." McCallister, 2016 WL 3072237, at *1.

    **E.**    **Blackstone's Career Offender Enhancement is not Unconstitutional because Second-Degree Robbery, Voluntary Manslaughter, and Hobbs Act Robbery Are Crimes of Violence under Section 4B1.2**

Blackstone argues that his Career Offender designation, which increased his sentencing range from 70–87 months to 210–240 months, is unconstitutional and entitles him to § 2255 relief because—after Johnson—robbery, voluntary manslaughter, and Hobbs Act robbery are no longer crimes of violence under § 4B1.2. Mot. at 17–31.

Blackstone asserts that, although robbery and manslaughter offenses are listed as crimes of violence in the commentary to § 4B1.2, after "the excision of the residual clause from the career offender provision, the offenses listed only in the commentary to the guideline are no longer of any effect."[6] Id. at 20; see § 4B1.2 app. n.1.

A Sentencing Guideline's commentary may "interpret [a] guideline or explain how it is to be applied, suggest circumstances which . . . may warrant departure from the guidelines, or provide background information, including factors considered in promulgating the guideline or reasons underlying promulgation of the guideline." Stinson v. United States, 508 U.S. 36, 41 (1996) (quotation marks omitted). The Guidelines' commentary is binding, unless the commentary and the Guideline it interprets are inconsistent. Id. at 42–43.

---

    [5] Blackstone and the government also dispute whether a Hobbs Act robbery is a crime of violence under § 924(c)'s *residual* clause. Because the Court concludes that a Hobbs Act robbery is a crime of violence under § 924(c)'s *elements* clause, the Court need not address those arguments.

    [6] Blackstone also contends that his second-degree robbery and voluntary manslaughter are not crimes of violence under the elements clause or the residual clause of § 4B1.2. Because the Court concludes both offenses are crimes of violence because they are listed in the commentary to § 4B1.2, the Court need not address the parties' arguments regarding § 4B1.2's elements and residual clauses.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03872-CAS<br>2:99-cr-00257-CAS - 4 | Date | December 27, 2016 |
| Title | ANTONIO BLACKSTONE v. UNITED STATES OF AMERICA | | |

After Johnson, courts in the Ninth Circuit have found that second-degree robbery in violation of § 211 remains a crime of violence under § 4B1.2. See, e.g., Alvarado, 2016 WL 6302517, at *7–*8; Kinman, 2016 WL 6124456, at *6–*10 (citing § 4B1.2, amend. 798 (Aug. 1, 2016), which indicated that "all the enumerated offenses of the Career Offender Guidelines qualified as crimes of violence, whether those offenses were listed in the text or Application Note 1[of the commentary]."). Moreover, the Ninth Circuit concluded that a second-degree robbery is a crime of violence under "§§ 4B1.2(a)(2) and 4B1.2's Application Note 1." Tate v. United States, -- Fed. Appx. --, No. 15-10283, 2016 WL 4191909, *2 (9th Cir. Aug. 9, 2016). Thus, the list of crimes of violence in Application Note 1 of the commentary to § 4B1.2 remains authoritative even after Johnson. Since manslaughter is also an enumerated offense in Application Note 1, the same reasoning applies to Blackstone's conviction under § 192(a). The Court acknowledges that there is disagreement among courts on this issue.[7] Nonetheless, the Court is persuaded by Alvarado and Kinman, and by the Ninth Circuit's reasoning in Tate. Therefore, the Court concludes that second-degree robbery and voluntary manslaughter are crimes of violence for the purposes of § 4B1.2.

Blackstone also contends that his Career Offender sentence is unconstitutional and entitles him to § 2255 relief because a Hobbs Act robbery is not a crime of violence under § 4B1.2. Mot. at 29–30. The Court finds this argument unpersuasive. At least one court has found that a Hobbs Act robbery constitutes a crime of violence under § 4B1.2

---

[7] Compare United States v. Taylor, No. 2:13-cr-0384-GEB-CKD, 2016 WL 5468381, *8 (E.D. Cal. Sept. 28, 2016) (recommendation by magistrate judge that district court deny § 2255 motion because California robbery remains a crime of violence under the Career Offender Guidelines) and United States v. Hall, 714 F.3d 1270, 1274 (11th Cir. 2013) (holding that the inclusion of an offense in Application Note 1's enumerated list makes the offense a crime of violence under Career Offender Guidelines) with United States v. Walker, No. 12-cr-0430-CW, 2016 WL 5921257, at *6 (N.D. Cal. Oct. 5, 2016) (disregarding Tate and holding that § 211 is no longer a crime of violence under the Career Offender Guidelines after Johnson) and United States v. Soto-Rivera, 811 F.3d 53, 60 (1st Cir. 2016) (declining to rely on an Application Note's inclusion of possession of a machine gun as crime of violence because "in the absence of the residual clause, there is nothing within § 4B1.2(a)'s text to serve as an anchor for Application Note 1's inclusion of possession of a machine gun within the definition of crime of violence").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03872-CAS<br>2:99-cr-00257-CAS - 4 | Date | December 27, 2016 |
| Title | ANTONIO BLACKSTONE v. UNITED STATES OF AMERICA | | |

because it was committed by threatened use of physical force. See United States v. Blanketship, 2016 WL 3579077, *6 (D. Haw. June 28, 2016). On October 11, 1997, Blackstone and a coconspirator entered a K-Mart store and handed an employee a note that read, "This is no joke, there are 4 gunmen." Opp'n at 2. Blackstone brandished a firearm, ordered the employee to walk to the store's office, get on the floor, and remain quiet. Id. Blackstone proceeded to steal bags containing cash, checks, and charges. Id. Here, as in Blanketship, Blackstone threatened to use physical force when he handed the K-Mart employee the note about gunmen, brandished a firearm, and ordered him to get down on the floor. See Opp'n at 2. Thus, Blackstone's Hobbs Act robbery is a crime of violence under § 4B1.2. Furthermore, after comparing provisions of similar statutes, the Ninth Circuit also concluded that a Hobbs Act robbery is a crime of violence under § 4B1.2. See Howard, 650 Fed. Appx. at 468 (relying on the assumption that a Hobbs Act robbery is a crime of violence under § 4B1.2 in order to conclude that a Hobbs Act robbery is a crime of violence under § 924(c)). As such, the Court concludes that that a Hobbs Act robbery is a crime of violence for the purposes of § 4B1.2.

Accordingly, the Court concludes that Blackstone's Career Offender sentence enhancement, which resulted in his 230-month sentence, is not unconstitutional. Blackstone's convictions for robbery, voluntary manslaughter, and a Hobbs Act robbery remain convictions for crimes of violence under § 4B1.2 and, as a result, require the application of a Career Offender sentence enhancement.

### F. Summary

Having carefully considered the parties' arguments, the Court **DENIES** Blackstone's § 2255 motion to vacate, set aside, or correct his sentence.

## IV. CERTIFICATE OF APPEALABILITY

Blackstone seeks a certificate of appealability "for any issue" that merits it. See Reply at 48–49. In denying Blackstone's § 2255 motion, the Court must also address whether it should issue certificates of appealability. See Rule 11, Rules Governing § 2255 Cases (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A court may issue a certificate of appealability "for any issue with respect to which petitioner makes a "substantial showing of the denial of a constitutional right." Jennings v. Woodford,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                          **'O'**

| Case No. | 2:16-cv-03872-CAS<br>2:99-cr-00257-CAS - 4 | Date | December 27, 2016 |
|---|---|---|---|
| Title | ANTONIO BLACKSTONE v. UNITED STATES OF AMERICA | | |

290 F.3d 1006, 1010 (quoting 28 U.S.C. § 2253(c)(2)).  The substantial showing standard is "relatively low."  Jennings, 290 F.3d at 1010.  Appeal is permitted where petitioner can "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to proceed further."  Id. (quoting Barefoot v. Estelle, 463 U.S. 880, 893(1983)) (quotation marks omitted).

      Although the Court's decision here is firmly grounded in and supported by the facts of the case and the existing precedent, the Court acknowledges that the legal landscape is still developing in the wake of Johnson.  As noted above, courts disagree as to whether robbery and voluntary manslaughter constitute crimes of violence under § 4B1.2.  See supra n.7.  Having carefully reviewed Blackstone's arguments, the Court **GRANTS** a certificate of appealability on the issue of whether robbery and voluntary manslaughter are crimes of violence under § 4B1.2.

## V.    CONCLUSION

      Accordingly, the Court **DENIES** Blackstone's motion to vacate, set aside, or correct his sentence, but **GRANTS** a certificate of appealability on the issue of whether robbery and voluntary manslaughter constitute crimes of violence under § 4B1.2

      IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |